FREDERICK GEESEKA, Respondent, v. SAMUEL BRAN-
NAN, Appellant.

A jury was waived by the parties, and the case submitted to the Court; the
trial made some progress, when, on motion of plaintiff's attorney, the case
was referred, "to ascertain the damages sustained by plaintiff." Held, that
the case having been submitted to the Court, it was the duty of the Court to
find upon the facts adduced by the parties, and not the facts presented in a
referee's report.

APPEAL from the Sixth Judicial District, Sacramento County.
The complaint filed May 9th, 1851, sets forth that the plain-
tiff is the owner, and has the legal title in fee simple of part
of lot No. 4, between square L. and M., and Front and Second
streets, in Sacramento City,—(describing it)—known as the Pa-
cific Theatre; which defendant has entered into unlawfully, and
withholds possession, &c.; and prays judgment, that he may be
decreed to quit and surrender the possession, &c., to plaintiff,
and to pay damages for the withholding thereof, and the rents
and profits thereof, to the amount of $5000, &c.

The defendant's answer, filed June 17th, 1851, denies unlaw-
ful entry and withholding possession, &c., and says, that a por-
tion of the premises claimed by said plaintiff, (describing it,)
part of said lot, No. 4, is the property of defendant, who has
the legal title in fee simple thereto, and is rightfully and lawfully
in possession, &c.; and prays judgment, &c.

December 31st, 1851. By agreement of parties a jury was
waived and the case submitted to the Court, and after hearing
part of the allegations and proofs, was continued for further
hearing on Friday, January 2nd, 1852.

January 19th, 1852. On motion of plaintiff's counsel, ordered
that this cause be referred to P. L. Edwards, to report the
amount of damages sustained by the plaintiff.

March 18th, 1852. The referee filed his report, and the evi-
dence on which it was founded, and found the whole rents of the
property of the value of $200 per month, from the 30th of April,
1851, to be computed from that date.

The decision of the Court, filed April 4th, 1852, deduces the

title of the premises through various conveyances to the plaintiff, and decides that the plaintiff is entitled to recover the possession and $54 for defendant's detention to the commencement of the action, and gave judgment accordingly.

April 8th, 1852.   The Court filed an amended decision, so as to increase the amount of damages, &c., for rents, to the sum of $1889, instead of $54, as above; and stating that "this amendment is made before the entry of any judgment, and before any action whatever upon the said decision filed; the entry of judgment and further proceedings thereon having been stayed by the agreement of the attorneys for the respective parties."

Execution (marked) Filed, May 14th, 1852, was issued to the sheriff, commanding him to cause the defendant to be removed from the premises, and the same to be delivered to the plaintiff; and to levy the amount of the said judgment, &c.

Notice of motion for new trial, (marked) filed April 12th, 1852.

Notice of appeal, filed by defendant April 13th, 1852, and appeal bond, filed May 13th, 1852.

*Yale*, for appellant.

The decision of the Court below was not made and filed within ten days after the trial took place; Stat. 1851, p. 80, sect. 191. The judgment is irregular; for after part of the proofs of the parties only were heard, and the case adjourned for *further* hearing, the Court, without any further hearing,—and so far as appears, in the absence of appellant—rendered a decision against him.

There is error in according damages for rents and profits, after the commencement of the suit.   After having filed its decision, the Court erred in altering it by an amended decision.   And in referring the cause, after the trial had commenced.

*Winans*, for respondent.

Notice of appeal was filed April 13th—the appeal bond not till May 13th.   The bond not having been filed within five days, the appeal is not good for any purpose.

The motion for a new trial, filed April 12th, was never submitted to the Court below; appellant therefore cannot ask it from this Court.

No statement of the case was ever prepared by appellant, and the case comes before this Court upon the pleadings and judgment, solely; it will therefore presume, nothing appearing to the contrary, that sufficient evidence was adduced to warrant the judgment.

ANDERSON, Justice, delivered the opinion of the Court, with which HEYDENFELDT, Justice, concurred.

It appears from the record in this case, that on the 31st Dec. 1851, the parties consented in open court to waive a jury trial, and submitted the matters in controversy to the Court; the Court then proceeded with the trial, and adjourned the further hearing until the 2nd of January, 1852. No further proceedings were had until the 19th of January, when, on motion of plaintiff's attorney, the cause was referred, in order to ascertain "the damages sustained by the plaintiff;" and on the 18th of April, the Court entered up the judgment appealed from, upon the facts found by the referee. This proceeding of the Court was irregular. The action is for the recovery of a certain lot of land in the City of Sacramento, and for damages incurred by the use and occupation of the defendant, and is strictly a common law proceeding, and not such a case as would authorize a reference by the Court, without consent of both parties. The case having been submitted to the Court, it was the duty of the Court to find upon facts adduced by the parties, and not the facts presented in a referee's report.

The judgment is reversed, and the cause remanded with costs, to the appellant.