## SUPREME COURT.

### LE ROY agt. MARSHALL, BRIGGS AND OTHERS.

Can the principle, requiring the application of the same rules to pleadings in *equitable* as in *legal* actions, be carried out in practice under the Code? Or, can *law* and *equity* be administered in precisely the same forms? *Held, not.* They are essentially different from each other in their origin, nature, and object. There is *substance* in the distinction between these actions. (*The principles laid down in the case of the Rochester City Bank agt. Suydam,* 5 *How. Pr. R.,* 216, *and also in the case of Wooden agt. Waffle,* 6 *id.* 145, *approved. And those expressed in Williams agt. Hayes,* 5 *id.* 470, *and Milliken agt. Cary, id.* 272, *disapproved.*)

*Dutchess Special Term, June,* 1853. The plaintiff having a judgment against Stephen Briggs, Henry Briggs and Elias Alley, upon which an execution had been returned unsatisfied, brings this action to reach certain property assigned by Stephen, for the benefit of his creditors. It is alleged that the assignment was made to hinder, delay, and defraud creditors, and especially, that it fraudulently provided for the payment of two notes, of $500 each, given by Stephen to two of his sons, which notes, the complaint avers, were given without consideration.

The answer of all the defendants sets up, among other things, that said Stephen was only a surety on the claim upon which the judgment was founded.

The answer also admits the giving of the two notes, and sets forth, particularly and circumstantially, the consideration therefor, which consisted of work and labor performed by the sons for the father, after they had attained lawful age; for which, on a settlement made, the indebtedness was found due.

The answer further sets forth, that one of the sons, Stephen D. Briggs, gave his note to the other son, Daniel Briggs, to

secure him for an indebtedness of $325, and his liability on a note of $1000, to one Wilbur, and that the assignees, in good faith, paid one half of said two $500 notes, which amount was applied toward the $325 note, and the Wilbur note.

The plaintiff moves to strike out the portions of the answer above given, on the ground that the same are irrelevant, immaterial or redundant.

J. V. W. Doty, *for Plaintiff.*

H. Angevine, *for Defendants.*

Barculo, Justice.—The decision of this motion depends upon adopting or rejecting the principle laid down in Williams agt. Hays, (5 *How. Pr. Rep.*, 470;) Milliken agt. Cary, (5 *id.* 272,) and some other kindred cases. That principle requires us to apply the same rules to pleadings in equitable as in legal actions. If we are governed by those cases, this motion must be granted; for it cannot be said that the matters complained of deny any material allegations of the complaint, or constitute " a defence or counter claim," within the terms of the Code.

But I apprehend that the cases above referred to, do not contain a true exposition of the law on this subject. On the contrary, I find a much more sensible as well as practicable rule, laid down with great clearness and force, by Justice Selden, in The Rochester City Bank agt. Suydam, (5 *How.*, 216,) and Wooden agt. Waffle, (6 *How.* 145.)

I am not prepared to deny, that the authors of the Code may have supposed, that law and equity could be administered in precisely the same forms; nor that some sections of the Code were designed for that purpose. But every judge knows, and every lawyer should know, that, in practice, the thing is impossible.

Legal and equitable proceedings are essentially different from each other, in their origin, nature, and object. In a common law action the plaintiff presents an absolute right to relief, in the most concise and expressive language. He states his title and nothing more. The defendant also presents his defence with the same certainty and precision. The jury find

Le Roy agt. Marshall, Briggs and others.

the disputed facts; and thereupon the law renders a certain judgment. But in a suit in equity none of this rigid logic prevails. The plaintiff may spread out his case more at length, he may accompany it with the important circumstances, and set forth the facts more in detail, for he is to make out a case for the conscience of the court; and the particulars of his relief may depend somewhat upon the discretion of the court. So the defendant may meet his case in like manner. A legal claim is a single proposition, which must stand in all its parts or fall. An equitable claim may be composed of numerous independent facts; all of which, or only a portion, may be required to satisfy the court. The one is a chain which is worthless if a single link fail; the other a rope composed of numerous strands, some of which may give way, and yet enough remain to secure some relief. Thus, in an action of ejectment, the plaintiff merely sets forth his title, and avers that the defendant has wrongfully obtained the possession. So in an action at law, upon mutual covenants for the purchase of land, the vendee sets forth the agreement, and his readiness to perform on the day, and the defendants' failure to perform; and without such readiness to perform on his part he cannot recover. But in equity he may have relief after the day. In that case he must set forth the circumstances tending to excuse his laches. He may also add the fact, that he has gone into possession, made improvements, made payments, or any other facts showing a part performance, or, bona fide acts, on the strength of the contract. The defendant may also set up in his answer that the property has advanced in price, or that he has prepared to make other dispositions of the land in consequence of plaintiff's failure to perform; and generally, any circumstances which are calculated to show, that in justice and equity the contract ought not to be enforced. The court then looks through the case and founds a decree upon one or more of the facts as they are alleged and proved. Now it is quite apparent that one of these circumstances which the defendant has a right to put into the case for the consideration of the court, with a view to modifying or affecting its decree,

may not come up to the requirements of the Code, as "new matter constituting a defence or counter claim," and therefore, by the strict interpretation of section 153, must be held bad on demurrer. And yet nothing is better settled than that such facts are pleadable in courts of equity; and nothing can be clearer, than that their exclusion would work monstrous injustice.

But it is unnecessary to multiply illustrations. They must be familiar to every lawyer of respectable practice. Indeed, it would be matter of astonishment—if we were pemitted to wonder at any thing in this line—that any man, of "common understanding," should have suffered the idea to enter his head, that legal and equitable proceedings could be moulded in the same form, and be measured by the same rules. Every person who has studied and understands the law as a science, knows, that there is *substance* in the distinction between actions; and that those requirements, which superficial observers call "unmeaning forms and prolix statements," were really wise and indispensable safeguards and protections, in administering the most important as well as the most intricate of human sciences.

But it is said that our construction repeals the Code. If this were true, I should deem it not an unpardonable offence. But we do not repeal it. It repeals itself. It has been meddling with a subject not understood; and has come into collision with a "higher law,"—the law of nature—which it cannot overcome. For the distinctions which mark law and equity are laid broad and deep in the nature of things. The very origin of the Court of Chancery shows this. It was the impossibility of administering true justice in all cases in the common law-forms—the necessity of something more flexible and yielding in its requirements—which gave birth to equitable courts and equitable proceedings. The distinction is there, and cannot be obliterated. For, as Justice SELDEN truly remarks in Wooden agt. Waffle, *supra*: "Nature has made some laws, and these it is difficult to repeal."

If we could be induced to hesitate between our natura. desire to follow the Code, and the preservation of the equita-

ble powers of the court, we would find the Constitution point-ing out the proper path to choose. That instrument declares, as I understand it, that equity shall be administered by this court. I have already shown that it cannot be administered upon legal pleadings; nor upon the pleadings contemplated by the Code; but only upon equitable pleadings as they were in substance at the adoption of the Constitution. Although, some may perhaps consider the Code the highest authority, as it is the latest, I prefer the old fashioned notion of adhering to the Constitution as the safest guide for the present.

The motion is denied, but without costs.