Meek v. McCall. Same v. Wilson, Andrews & Co., &c., &c.

CASE 71—EQUITY—September 23, 1882.

# Meek v. McCall.
# Same v Wilson, Andrews & Co., &c., &c.

### APPEAL FROM GREENUP CIRCUIT COURT.

1. The petition of appellees Wilson, Andrews & Co. contained several distinct causes of action, and the court should, upon appellant's motion, have required appellees to paragraph it.

2. The motion requiring appellees to elect which cause of action they would prosecute was properly overruled.

3. Except so much of the petition as sought to subject the collaterals mentioned appellee's demands were purely legal, as was the defense made by appellant, and it was error to refuse his motion for a trial by jury of these issues. Under the Code he had the undoubted right to a jury to try these issues of fact, especially as the equity branch of the case was dependent upon the disposition of the legal issues.

4. Before submission, appellant offered to file an answer to the petition of appellee McCall to be made a party, in which he claimed the notes held by appellees Wilson, Andrews & Co. The court refused it. Appellant was not made a party defendant to the petition, and without any issue between appellant and appellee McCall, proof was taken, and upon commissioner's report judgment rendered for appellee. The court erred in refusing to permit appellant to file his answer and contest the claim.

Meek v. McCall. Same v. Wilson, Andrews & Co., &c., &c.

R. C. BURNS, ROE & ROE, AND WM. LINDSAY FOR APPELLANT.

1. The court erred in refusing to compel appellees Wilson, Andrews &. Co. to paragraph their petition. (Civil Code, sec. 113, subsec. 3.)

2. The court should have compelled appellees to elect which cause of action they would prosecute.

3. If the order awarding an issue out of chancery was correct, it was a flagrant error to set it aside and refer the case to a commissioner.

4. Nearly all the issues were legal, and appellant clearly had the right to · a jury trial.

5. When appellee McCall filed his petition to be made a party, he failed to make appellant a defendant. It was error to refuse to permit him· to file his answer and contest the matters set forth on his petition. (Lyle v. Lyle, 2 Met., 127; Hicks v. Doby, 4 Bush, 420; Carpenter v.. Miles, 17 B. Mon., 598; 1 Met., 649; 9 Bush, 164; 2 Daniel's Ch. Prac., 1330; Civil Code, section 821; 11 Bush, 7; 12 B. Mon., 508; Smith's Lead. Cases, 303; 10 S. & Rawle, 155; 7 W. & Serg., 391; 2 Hill's N. Y., 610; 12 Johns., 461; Littell's Sel. Ca., 151, 388; 1 Bibb,. 326; Hardin, 527; Barn. & Cress., 14; 8 Ohio, 494; Greenl. on Ev.,. vol. 1, sec. 99; 6 Whart., 106; 4 Gray, 292; 4 Bibb, 89; Mitchell v. Commonwealth, 78 Ky.; 6 Bush, 317; 6 Mon., 136.)

W. C. IRELAND FOR WILSON, ANDREWS & Co.

1. The action was brought in equity, and the facts averred give equity· jurisdiction. The jurisdiction of matters of account is concurrent.. (Power v. Reeder, 9 Dana; 10 Story's Eq., vol. 1, 443; Breckinridge· v. Brooks, 2 Mar., 338.)

2. The court properly refused to refer the issues to a jury.

3. The case of Batchelor v. Planters' Bank of Louisville, 78 Ky. Rep.,. 437, is not in point.

4. Appellant was not prejudiced by the refusal of the court to compel· appellee to elect which cause of action he would rely upon.

5. No error was committed ·in refusing to compel appellees to paragraph· their petition.

E. F. DULIN AND L. T. MOORE FOR McCALL.

1. Appellee McCall's petition, which was made his answer, was filed 5th· November, 1873.

2. It was not made a counter-claim or cross-petition. By the Code as it then was no answer, reply, or other pleading could be filed to it, but' it stood traversed on the record. (Civil Code, 1854, secs. 117 and 132; Taylor v. Taylor, 3 Bush, 119.)

3. The court properly rejected appellant's pleading which professes to be a reply to appellee's answer. (13 Bush, 405; O'Reagan v. O'Sullivan, 14 Bush, 185; Code of Practice, sec. 257; Session Acts 1880, page 176.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

Hampton, as the assignee of a firm of bankers, doing business under the firm name of Wilson, Andrews & Co., in conjunction with the firm, instituted this action in equity, seeking to recover of the appellant Meek a balance of over $3,000, alleged to be due the bank by reason of overdrafts by the appellant.

He also alleged that the appellant was indebted to that firm by reason of three several notes executed by the appellant to third parties, and by them assigned to the bank, and asked judgment thereon.

It was further alleged, that to secure the payment of what the appellant might be owing the bank, he had deposited several notes on third parties, to be held as collateral security. These notes are set forth, and proceedings were or had been instituted for their collection.

A motion was made by the appellant to require the appellee to paragraph his petition, and this was overruled. Why this was done is not made to appear, as the Code expressly provides: "If there be more than one cause of action, each must be distinctly stated in a separate numbered paragraph." (Subsection 3 of section 113, Civil Code.)

Here were several causes of action, and each cause of action should have been numbered to enable the appellant to respond.

The motion requiring the appellee to elect was properly overruled, as he had the right to prosecute either or all the causes of action in the same petition. The most serious objection to the judgment complained of consists in the refusal of the court to transfer the legal issues to the ordinary docket, or to permit the trial of these issues by a jury. Section 12 of title 2, Civil Code, provides: "In an equit-

374                  KENTUCKY REPORTS.    [VOL. LXXX.

Meek v. McCall.    Same v. Wilson, Andrews & Co., &c., &c.

able action properly commenced as such, either party may,
by motion, have the case transferred to the ordinary docket
for the trial of any issue concerning which he is entitled to
a jury trial, but either party may require every equitable
issue to be disposed of before such transfer." Section 10
also provides "that the defendant may have an equitable
action transferred to the ordinary docket, if, according to the
provisions of section 6, it should have been an ordinary
action, and if the answer presents a defense of which he is
entitled to a jury trial."

Although an attachment was obtained by the appellee,
the claims upon which the recovery was sought were purely
legal, except so much of the petition as sought to subject
the collateral securities to the payment of the debts. The
one was an action for a balance due on an account, with a
bill of particulars given; the other was an action on the
three notes for the recovery of certain sums of money that
the appellant had promised to pay.

To the petition the appellant filed an answer which is, in
effect, a plea of payment and set-off to appellee's demand,
and further denying the deposit by him with the bank of
the other notes as collateral security, but alleging that these
notes were placed by him in his private box in the bank for
safe-keeping only.

The issues were plainly presented, and when the motion
to transfer to the ordinary docket was made, the court very
properly directed a trial by jury of the legal issues. There
was then a change of venue, and the judge trying the case set
aside the order directing the jury to try the case, against the
objections of the appellant, and proceeded to hear the case
upon the commissioner's report and other proof as to the state
of the accounts. The bill of evidence is not in the record,

having been stricken out on the motion of the appellee, and we are considering only the errors complained of before a trial was reached.  The attachment did not invest the court with the right to determine a cause of action purely legal against the objection of the defendant; and on the plea of payment or set-off, the appellant in this case had the undoubted right to have a jury pass upon the issue of fact.

It is said, however, that the accounts are complicated, and a jury could not intelligently determine the issues made. No such allegation is made; and if there had been such a state of pleading, we cannot well see why a jury, with a bill of particulars containing each item of debt and credit, with the balance struck, could not understand and pass upon the questions made.  In fact, the legal issues should have been first determined; that is, the amount of indebtedness ascertained, and then the collaterals, if any deposited, could be subjected by the chancellor to the payment of the debts. The disposition of the equitable branch of the case was dependent on the result of the legal issues, and therefore the latter should have been first disposed of.  It is true that section 12 says that if the action is properly commenced in equity, any issue made, in which the party is entitled to a jury trial, shall be transferred to the ordinary docket, but either party may require the equitable issue disposed of before the transfer.  This section of course cannot apply when the exercise of equity jurisdiction is made to depend on the result of the legal issues; and this action is in fact, so far as the account and notes are concerned, an action ordinary with an attachment—the legal issues to be tried by a jury, and the issues made by the attachment by the court. It results, therefore, that the appellant was entitled to a trial

by jury of the legal issues made, and the court below erred in setting aside the order directing such a trial.

The other branch of the case remains to be considered. During the progress of the trial one McCall filed a petition asking to be made a party to the action, by the appellee alleging that he was a partner of Meek, the appellant, and as such entitled to an interest in the notes alleged to have been deposited with the bank. He was made a party, and his petition taken as his answer in the case. In this petition his prayer is: "That a settlement be had between him and Meek of their partnership; that a judgment be rendered against the persons for the amount of the notes, the money collected, and that, so far as defendant is entitled, that the same be paid over to him, and for all other proper relief." The appellant was not made a defendant to McCall's petition, but the case was referred to a commissioner to hear proof, and settle the partnership accounts, and upon the report of the commissioner a judgment was rendered in favor of McCall vs. Meek for over two thousand dollars. Before the submission of the cause, the appellant Meek offered to file an answer to the petition of McCall, denying the partnership or McCall's alleged right to any part of the notes. The filing of this answer was refused. This was error. Meek was not compelled to answer, as he had not been made a party to the petition; and while the case was properly sent to the commissioner as between the appellee and McCall to ascertain the extent of McCall's interest, it was erroneous to require Meek to abide by the report, and to render a judgment for McCall when he was not a party, and when no judgment was even asked against him. The specific relief demanded by the petition was the interest of

McCall in the notes, and no judgment asked, for the balance due in the partnership settlement.

The Code provides that the petition "must demand the specific relief to which the plaintiff considers himself entitled; and may contain a general prayer for any other relief to which he may be entitled; but if no defense is made, the plaintiff cannot have judgment for any relief not specifically demanded." (Section 90, chapter 2, Civil Code.)

It is doubtful under this prayer whether the appellant McCall is entitled to any judgment for balance due on settlement of partnership, and that his only judgment, in the absence of a defense, should have been, if he was a partner, for one half the notes.   If this view is to be regarded as technical, there is no reason for denying to the appellant the right to controvert the existence of the facts alleged by McCall in his petition.

He had not been made a party to it, and the court should have allowed the answer filed.

With this view of the questions arising on the two appeals, the judgment in each case must be reversed, and the cause remanded for further proceedings consistent with this opinion.