FRANK BETZ *v.* NEWPORT PROVISION MART ASSN.

[Abstract Kentucky Law Reporter, Vol. 6—222.]

**Waiver of Trial by Jury.**

> By consenting to the transfer of an ordinary action to a court of equity one does not thereby waive his right to a jury trial as to controverted facts. He is entitled to have the legal issue tried by a jury.

APPEAL FROM CAMPBELL CHANCERY COURT.

September 6, 1884.

OPINION BY JUDGE PRYOR:

The creditors of the corporation who are seeking to reach the stock alleged to have been subscribed by the appellant were compelled to go into a court of equity to subject it. In their action the corporation as well as the appellant were necessary parties and were made defendants. The corporation instituted its action at law to recover the amount of the subscription, and by consent, as the record shows, this action by the corporation was transferred to the equity docket. The issue between the corporation and the appellant was as to the subscription, the latter alleging that he had made no such subscription. The issue was purely legal while the creditors' action was purely equitable. The appellant had no right to make the parties who were plaintiffs in the equity action parties to the suit at law, and it was therefore essential for the ordinary action to go to equity that the cases might be heard together, and equally as essential that the extent of the recovery by the corporation against the appellant might be determined before the creditor could obtain his relief. When the cases were consolidated, or both on the equity side of the docket, the appellant moved to have the legal issue as to the amount of his subscription submitted to the jury. This was denied him and a judgment rendered without the intervention of a jury of which he complains.

It is maintained that his consent to transfer the ordinary action to a court of equity was a waiver of his right to a jury trial. This can not well be, as he had the right in the equitable action, the corporation being a defendant to that action, to have the legal issue

44

tried by a jury, as expressly provided by Civ. Code 1876, title 2, § 2, and as decided by this court in *Meek v. McCall,* 80 Ky. 371. Therefore, the consent to consolidate the ordinary action with it did not under the facts of the record deprive the appellant of his rights under Civ. Code 1876, § 12. It was not necessary to remand the case back to the circuit court, as the chancellor under the act establishing the chancery court had the power to have a jury impaneled to try the case. If the ordinary action had not been transferred when the equity action was called the appellant could have demanded a jury, and the mere fact of the transfer of the case between the corporation and the appellant did not deprive him of the right, and particularly when he was in a court authorized by special enactment to have juries empannelled when necessary to try issues of fact.

The judgment is therefore *reversed* and cause remanded for proceedings consistent with this opinion and in order that the issue as between the corporation and appellant may be tried by a jury if either party desires it.

*J. R. Hallam, John S. Ducker, Wm. Lindsay, for appellant.*

*Simmons & Schmidt, for appellee.*