HYERS et v WESTERN & SOUTHERN
LIFE INS CO et
Ohio Appeals, 2nd Dist, Montgomery Co

No 911. Decided July 18, 1929

Messrs. W. S. Rhotenhamel and Wm. F. Hyers, Dayton, for Hyers et.

Messrs. James & Coolidge, Dayton, for Insurance Company.

Messrs. Brumbaugh & Mattern, Dayton, for Mina C. McKeehan.

HORNBECK, J.

There are two basic propositions upon which the petition must be tested:

1. Is the action equitable in character, or is it a simple action at law in quantum meruit?

2. Are the proceeds now held by the Insurance Company, or so much of them as may be decreed by the court to be due plaintiffs, subject to a lien of plaintiffs?

In our judgment, both questions are answered in cases which this court is bound to accept as controlling. These decisions are **Walcutt vs. Huling, etc., et al., 5 Ohio Appellate Reports,** decided by this court in the Franklin County Court of Appeals, and **Roberts, et al., partners, etc vs. Montgomery, et al.,** decided by the Supreme Court in December, 1926, in **115 OS. 502.**

The Walcutt case was a suit brought in equity to require the court to fix and determine the value of legal services performed under contract by Huling for Walcutt, through which services a judgment had been rendered, and for a decree awarding a lien to Huling on the fund represented by said judgment. This case then is decisive to the effect that as stated in the second proposition of the syllabus of this case in the Common Pleas Court, found in **13 Ohio Nisi Prius Reports (N. S.) 409:**

We are unable to make any distinction in the character of an action to determine the amount due for attorneys' fees on an account in procuring a judgment, and such action to determine the amount due in securing a fund which has been set apart and is available to be paid upon the order of the court, and can note no change in the equitable character of the proceeding because the amount which may be due plaintiffs is not fixed but subject to determination by the court.

Coming to the second proposition, were it not for the Roberts case in the 115 State, we would clearly be of the opinion that the instant case could not in any aspect come within the classification authorizing a court of equity to decree a lien on the fund under consideration, inasmuch as plaintiff's claim had not been reduced to judgment, nor is the fund in possession of plaintiffs. But in our judgment, the Supreme Court in deciding the Roberts case went a step further than in any former

decision on like subject-matter in Ohio and the facts in that case so nearly parallel those in this case that the law therein enunciated seems to be controlling.

But there is one vital distinction between the facts in the Roberts case and the allegations of the petition in this case. In the Roberts case the contract was conceded, and by its terms Roberts was to have one-third of the money or specific fund which was recovered by the settlement with the Refining Company.

In the instant case, the claim is not asserted either by express or implied contract that payment was to be made to plaintiffs out of the proceeds or specific fund secured to the defendant, McKeehan from the defendant Insurance Company. The petition is silent on this material matter.

The averments of the petition go no further than to establish the relation of debtor and creditor.

A lien such as is sought in the instant case amounts to a preference and is an extraordinary proceeding, and before it can be held to attach, it must be alleged either directly or by necessary inference, that plaintiff's payment for service was to be secured by or attached to the fund against which the lien is asserted.

We have been unable, after careful consideration and with an appreciation that the equities in this case are with the plaintiffs, to find this necessary allegation. If it were made, we would hold that the Roberts case would require the overruling of the demurrer.

We do not deem it necessary to discuss the many other cases cited by counsel for both parties inasmuch as the two cases commented upon in this opinion are the most favorable to plaintiffs and controlling upon us in our decision.

The petition is faulty in the particular which we have indicated, and therefore the demurrer was properly sustained, and the judgment thereon will be affirmed.

Kunkle and Allread, JJ. concur.