IRWIN AND FLICKINGER, Appellee,

v.

BRUCE L. CHRISTY COMPANY, L.P.A., et al., Appellants; Kitrick et al., Appellees.

[Cite as *Irwin & Flickinger v. Bruce L. Christy Co., L.P.A.* (1989), 61 Ohio App.3d 131.]

Court of Appeals of Ohio,
Franklin County.

No. 88AP–623.

Decided March 16, 1989.

*Irwin & Flickinger* and *Michael T. Irwin,* for plaintiff-appellee.

*Fry & Waller Co., L.P.A.,* and *Barry A. Waller,* for defendants-appellants.

*Mark Kitrick Co., L.P.A.,* and *Mark Kitrick,* for appellee Mark Kitrick.

*Marshall B. Douthett,* for appellee Judith Kitrick.

*Elbert J. Kram,* for Consolidated Rail Corporation.

*Janik & Associates* and *Steven G. Janik,* for Home Insurance Company.

*David L. Day* and *Susan Teigland Stead,* for Interstate Casualty Claim Service.

*Michael J. Petrucci,* for Grange Mutual Casualty Company.

*Porter, Wright, Morris & Arthur* and *Michael J. Rourke,* for The Professionals Insurance Company.

*Earl, Warburton, Adams & Davis* and *Andrew S. Adams,* for Insurance Company of North America.

*Crabbe, Brown, Jones, Potts & Schmidt* and *Gilbert J. Gradisar,* for American States Insurance Company and Hills Cab Company.

*Robert E. Frost & Associates, Robert E. Frost* and *Mark S. Maddox,* for Ohio Casualty Insurance Company, Crawford & Company, Midland Service Agency, Inc., and Bradford Adjustment Service.

*Enz, Jones & Legrand, Grey W. Jones* and *Sheila M. Sinno,* for Nationwide Mutual Insurance Company.

*Lane, Alton & Horst* and *Theodore M. Munsell,* for Cincinnati Insurance Company.

*Patrick F. Smith* and *Kevin C. Rouch,* for GEICO Insurance Company, Allstate Insurance Company and Motorists Mutual Insurance Company.

*Wiles, Doucher, Van Buren & Boyle Co., L.P.A.,* and *Michael J. Kelley,* for Auto–Owners Insurance Company.

*William J. Christensen,* for State Automobile Mutual Insurance Company.

*Hamilton, Kramer, Myers & Cheek* and *Emerson Cheek III,* for State Farm Insurance Company.

*Tsitouris & Gerrity* and *Timothy D. Gerrity,* for J.C. Penney Casualty Insurance Company.

---

BOWMAN, Judge.

Appellants are appealing from a judgment entered on June 15, 1988, by the Franklin County Court of Common Pleas, dismissing their claims with prejudice on the basis that the case had been fully settled. Prior to this final adjudication, the trial court dismissed appellants' cross-claim against appellees, thirty-six insurance companies, for failure to state a claim upon which relief could be granted, and it also dismissed appellants' cross-claim against appellee Judith Kitrick on the basis that the claim was fully settled. Appellants have raised the following assignments of error:

"1. The trial court abused its discretion by entering its judgment dated June 15, 1988 dismissing this case with prejudice.

"2. The trial court erred in dismissing defendant Bruce L. Christy Co., LPA's cross-claim against third-party defendant Judith Kitrick a/k/a Java Kitrick.

"3. The trial court erred by dismissing BLC's claims against the various insurance companies."

Appellants argue in their first assignment of error that the trial court abused its discretion by dismissing the case with prejudice. Their assertion is that the trial court did not follow the proper guidelines for enforcing a settlement agreement and thereby unlawfully dismissed the case.

In support of their second assignment of error, appellants argue that the trial court erred in granting Judith Kitrick's motion to dismiss. While appellants are arguing the merits of the decision to dismiss on the basis of Civ.R. 12(B)(6), the judgment entry appears to be based on the trial court's

understanding that appellants' cross-claims against Judith Kitrick had been fully settled. Since both dismissal entries were based on the trial court's understanding that settlement had been reached, these two assignments of error are related and will be considered together.

On December 11, 1987, a status conference was held, at which the trial judge discussed settlement possibilities with counsel for the parties to this action. The judge was informed by counsel for appellants and by counsel for appellees Judith Kitrick and Mark Kitrick that the dispute between those parties was "all going to go away" and was "pretty much resolved." However, there is no definitive statement in the record that terms of settlement had been agreed upon. Counsel for appellants represented to the court that the only real issue remaining to be solved was between Christy and Irwin & Flickinger. The trial judge responded by suggesting that, while the parties were together, they should attempt to resolve the remaining issues so the case could be settled.

Appellees contend that a complete settlement was reached at the conference which took place after the status conference. Further, they contend that the judge was informed of the settlement and that he requested a dismissal entry be submitted for his signature by January 15, 1988. However, appellants maintain that all issues were not resolved and that settlement was not reached.

There is no transcript of the conference which followed the status conference, nor is there a transcript of what the judge was told about the alleged final settlement. We have before us a transcript which states only that a complete settlement was close between appellants and Judith Kitrick, and the representation of appellees that a complete settlement was reached on December 11, 1987. The trial judge did not memorialize the terms of the settlement in his judgment entry.

This court has previously ruled on the enforceability of settlement agreements in *Bolen v. Young* (1982), 8 Ohio App.3d 36, 8 OBR 39, 455 N.E.2d 1316, at paragraph two of the syllabus:

"If the settlement agreement is extrajudicial in the sense that the trial judge is advised that the parties have agreed to a settlement, but he is not advised of the terms of the agreement, then the settlement agreement can be enforced only if the parties are found to have entered into a binding contract. * * * *"

In such a case, it is error for the trial court to grant a judgment without first conducting an evidentiary hearing to determine whether the parties actually entered into a binding contract. *Ohio State Tie & Timber, Inc. v. Paris Lumber Co.* (1982), 8 Ohio App.3d 236, 8 OBR 309, 456 N.E.2d 1309.

Appellees argue that the holding in *Mack v. Polson Rubber Co.* (1984), 14 Ohio St.3d 34, 14 OBR 335, 470 N.E.2d 902, is controlling in this case because an oral agreement was entered into in the presence of the court, thus forming a binding contract. We disagree. There is no evidence in the record or the judgment entry as to what the specific terms of the agreement were, or that the agreement was entered into in the presence of the court, or that the judge was aware of the terms of the agreement.

Based upon our previous rulings, we find that the trial court, in this case, should have conducted an evidentiary hearing before entering final judgment. If a complete settlement was reached, it was outside the presence of the court and there is no evidence that the judge was advised of the terms of the agreement. Because the purported agreement was entered into out of the presence of the court, and because there is no evidence of the terms of the agreement, the trial court erred by dismissing the case without first conducting an evidentiary hearing. Appellants' first and second assignments of error are well-taken.

 In their third assignment of error, appellants maintain that the trial court erred by dismissing their claims against the various insurance companies. Appellants filed a cross-claim against the named insurance companies seeking a declaratory judgment ordering the insurance companies to set aside that portion of any settlement representing attorney fees. Appellants argue that all claimants would get their share of settlement and that only the attorneys' share would be set aside until the rights of the attorneys could be adjudicated.

The cases relied upon by appellants do not support the theory that they can claim an interest in funds held by a third-party for a debt which may in the future be owed to appellants. In the case of *Cohen v. Goldberger* (1923), 109 Ohio St. 22, 141 N.E. 656, the court merely held that when an attorney litigates a case and obtains a judgment he is entitled to be paid out of that judgment. *Cohen* is inapplicable because it did not involve placing a lien of funds held by a third party and, further, no judgments have been obtained in the cases involved in this appeal.

In the case of *Roberts v. Montgomery* (1926), 115 Ohio St. 502, 154 N.E. 740, the plaintiffs' attorneys went to great lengths to prepare a case, only to have another law firm step in and use their work to obtain a settlement. In that case, the disputed attorney fees were paid to the defendant to be held in trust. The court ruled that plaintiffs were entitled to all of the fees being held in trust because they had done essentially all the work. However, *Roberts* is distinguishable because a judgment had already been obtained and no third party was involved. Thus, it does not apply to these facts.

Lastly, in *Hyers v. Western & Southern Life Ins. Co.* (1929), 33 Ohio App. 331, 169 N.E. 577, the plaintiffs' attorneys negotiated a settlement with an insurance company on behalf of their client. The client attempted to procure payment of the funds directly in order to defeat plaintiffs' claims for attorney fees. The *Hyers* court found that an attorney could place a lien on an insurance settlement if, by the terms of the contract between attorney and client, payment of the fees was secured by or attached to the fund against which the lien was asserted.

*Hyers* stands for the proposition that when an attorney can show a contractual right to a settlement which has already been reached, he may then place a lien on the settlement fund held by the insurance company. In this case, however, appellants have attempted to attach the funds of insurance companies before settlements were reached. Appellants were premature in their attempt to involve the insurance companies in this litigation.

Because appellants' cross-claim against the insurance companies is not supported by law, the trial court acted properly in dismissing those claims for failing to state a claim upon which relief may be granted. Appellants' third assignment of error is not well-taken.

Appellants' first and second assignments of error are sustained and their third assignment of error is overruled. Appellees' request for attorney fees is denied. The judgment of the trial court is reversed and this case is remanded with instructions to conduct an evidentiary hearing for a determination of whether the parties remaining in this litigation entered into a binding settlement agreement.

*Request for attorney fees denied;*
*judgment reversed*
*and cause remanded*
*with instructions.*

BRYANT and BURKHART, JJ., concur.

GEORGE F. BURKHART, J., of the Monroe County Court of Common Pleas, sitting by assignment.