Hill v. Phillips' Adm'r.

CASE 31—PETITION EQUITY—APRIL 3.

# Hill v. Phillips' Adm'r.

### APPEAL FROM BULLITT CIRCUIT COURT.

1. SUBMISSION TO JURY OF LEGAL ISSUES IN EQUITABLE ACTION.—
When the equitable issues in an equitable action, properly commenced
as such, depend upon the decision of the legal issues, the latter
clause of section 12 of the Code does not prevent a transfer of the
legal issues to the ordinary docket in order that they may be tried
first. That provision has reference to the determination of such
equitable issues as may settle the rights of the parties.

In this action to recover the value of legal services and to enforce
a lien on land therefor, the court properly transferred the issue as to
the value of the services to the ordinary docket to be tried by a jury.

2. SAME.—In a case of purely equitable cognizance, the chancellor has the
discretionary power to direct an issue of fact to be tried by a jury,
and their verdict is generally treated by the chancellor as conclusive
between the parties; but it is not necessarily so, as the chancellor
simply seeks the advice of the jury to aid him in coming to a correct
conclusion. But this principle does not apply where there is a dis-
tinct legal issue made in an equitable action. In such a case, either
party having a right to the verdict of a jury, the verdict, as in ordi-
nary jury trials, is conclusive between the parties, unless the court,
upon a motion for a new trial, is satisfied that it is palpably against
the weight of the evidence.

H. W. RIVES FOR APPELLANT.

1. An issue of fact in an equitable action should be referred to a jury
only when the evidence is conflicting, and a finding upon such refer-
ence is only advisory to the court. (Daniels' Chancery Practice, vol.
2, pages 1121, 1147; Adams' Equity, pages 376-378; Story's Equity
Jur., sec. 1479; Maddox's Chancery, vol. 2, 276; Moore v. Payne, 7
Dana, 370; Lee v. Beatty, 8 Dana, 207; Moore's Heirs v. Shepherd,
&c., 2 Duvall, 125; Hendrix v. Mooney, 11 Bush, 309; Crabb v.
Larkin, 9 Bush, 163.)

2. The matter of reference to a jury to try an issue of fact is within the
sound discretion of the court and not a matter of right. (Blakey v.
Johnson, 13 Bush, 200.)

ROUNTREE & LISLE FOR APPELLEE.

The right to a jury trial of an issue of fact in an equitable action is abso-
lute, and not discretionary with the court. (Civil Code, sections 12,
312; Meek v. McCall, 80 Ky., 371.)

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

D. W. Phillips having died leaving an estate worth about one hundred and forty thousand dollars, and the probate of his will having been resisted, there arose a protracted and ably contested litigation over the probate of said will, which litigation was finally terminated on appeal by this court. After the termination of the litigation the appellant, one of the leading attorneys of the appellees, the successful parties in said litigation, presented his account for ten thousand dollars for his services as attorney ; the appellees paid five thousand dollars of the account, but refused to pay the balance because, in their opinion, it was excessive. Thereupon, the appellant instituted this action in equity, in the Marion Circuit Court, against the appellees, to recover the said sum of five thousand dollars, and to enforce his lien as attorney on the estate involved in the will contest.

The appellees answered, denying that the appellant's services were worth exceeding five thousand dollars, which they had paid. The case was transferred to the Bullitt Circuit Court. That court, over the objections of the appellant, but at the instance of the appellees, transferred the issue made by the pleadings as to the value of the appellant's services as attorney, to the ordinary docket, to be tried by a jury. The jury trial resulted in a verdict of two thousand dollars for the appellant. The circuit court having overruled the appellant's motions to set aside the order transferring the issue to the ordinary docket, and the verdict of the jury, and to render judgment for him for the full amount claimed, notwithstanding the verdict of the jury, he has appealed to this court.

Section 12 of the Civil Code provides: "In an equitable action, properly commenced as such, either party may, by motion, have the case transferred to the ordinary docket for the trial of any issue concerning which he is entitled to a jury trial; but either party may require every equitable issue to be disposed of before such transfer."

The latter clause of the section *supra* has reference to such equitable issues as must be determined in the case, the determination of which may settle the rights of the parties. But if the equitable issues depend upon the decision of the legal issues, then the latter clause of said section does not prevent a transfer of the legal issues to the ordinary docket in order that they may be tried first. To illustrate: suppose the vendee of a tract of land should set up as a defense to an action in equity by the vendor to enforce his lien on the land for the unpaid purchase money, that the land was covered by an adverse paramount title, and he seeks a rescission and damages for improvements, etc. In such a case the equitable issue is whether there shall be a rescission; the legal issue is that of damages, etc. It will be seen at once that the legal issue depends upon the decision of the equitable issue. If the equitable issue is determined against the defendant, his right to damages is settled against him. Or if the issue is settled in his favor, in whole or in part, then the legal issue may be transferred to the ordinary docket, to be tried by a jury. On the other hand, if a mortgageor should defend an action by his mortgagee to enforce his lien, upon the ground that he had paid the debt, in such a case, the mortgagee's right to enforce his lien

would depend upon the existence of the debt, and that fact being a legal issue, the case should, upon the motion of either party, be transferred to the ordinary docket, to be tried by a jury.

These illustrations serve to explain the meaning of the section of the Code which we are considering; the meaning of which is, that if the equitable issues must be tried, in order to determine the rights of the parties, then the legal issues, depending upon the result of the equitable issues, should not be transferred to the ordinary docket until the equitable issues are tried.

But if the equitable issues depend upon the result of the legal issues, then the latter should be transferred, upon motion, to the ordinary docket, to be first tried by a jury.

In the case at bar the appellant's lien, if any he had, depended upon the result of the legal issue as to the value of his services. The appellees contended that he had been paid the full value of his services. The issue was one of fact, which was to be determined by common law principles. Either party had the right to have the issue settled by a jury. Therefore, the circuit court did right in transferring the issue to the ordinary docket to be tried by a jury. (Meek v. McCall, 80 Ky., 375.)

In a case of purely equitable cognizance, the chancellor has the discretionary power to direct an issue of fact to be tried by a jury; and their verdict is, generally speaking, treated by the chancellor as conclusive between the parties; but it is not necessarily conclusive, for the reason that the chancellor simply

seeks the advice of the jury to aid him in coming to a correct conclusion on a mooted question of fact. But this principle does not apply where there is a distinct legal issue made in an equitable action.; for the reason that the twelfth section of the Code gives either party the right to have such issue tried by a jury, and their verdict, as in ordinary jury trials, is conclusive between the parties, unless the court, upon a motion for a new trial, is satisfied that it is palpably against the weight of evidence.

While the appellant's contention as to the value of his services was supported by strong evidence, yet there was evidence equally as creditable and positive before the jury that sustained their conclusion as to the value of the appellant's services.

The judgment is affirmed.