CASE 23—PETITION EQUITY—NOVEMBER·23.

Carder & Vallandingham v. Weisenburgh.

| 95 | 135 |
|----|-----|
| 128 | 710 |

APPEAL FROM GRANT COURT OF COMMON PLEAS.

1. TRANSFER OF LEGAL ISSUES IN EQUITABLE ACTION.—Where in an action brought in equity the equitable right depends upon the decision of legal issues, concerning which the party is entitled to a jury trial, the case on motion should be transferred as matter of right to the common law docket to be tried by jury. The court has no right to refuse such transfer unless the case be purely equitable, in which case it has discretionary power as to the transfer and may, at its discretion, obtain the advisory aid of a jury in coming to a correct conclusion upon any question of fact involved in the issues to be tried.

In an equitable action to enforce a lien on real estate for the cost of improvements in which the defendant pleaded by way of counter-claim the damages which he alleged he had suffered on account of breach of warranty as to the quality of the work, the defendant was entitled to have the case transferred upon his motion to the common law docket for the trial of the legal issues, the chancellor having no discretion in the matter.

2. THE PROVISION OF THE CONSTITUTION GUARANTEEING THE RIGHT OF JURY TRIAL means a trial according to the course of the common law, and secures the right only in cases where a jury trial was customarily used at common law. But in such cases the Legislature has no power to deprive a party of his right to a trial by jury by converting a legal right into an equitable one, or by giving the chancellor an exclusive

Carder & Vallandingham v. Weisenburgh.

right to try legal issues merely because there is some equitable right that arises out of the establishment of the legal issues.

COLLINS & FENLEY FOR APPELLANTS.

The action of the court in refusing to transfer the action to the ordinary docket for a trial of the "legal issues" by jury is a reversible error, the chancellor having no discretion. (Civil Code of Practice, sec. 12 ; Aulman & Co. v. Gibson & Co., 8 Ky. Law Rep., 62; Meek v. McCall, 80 Ky., 371; Hill v. Phillips' Admr., 87 Ky., 170; Walker v. Leslie, 90 Ky., 642; Hall v. Martin, 89 Ky., 9.)

C. C. CRAM AND JAMES T. WILLIS OF COUNSEL.

GEO. C. DRANE FOR APPELLEE.

1. Section 12 of the Civil Code of Practice was not intended to confer or extend the right to demand a trial by jury in equitable actions so as to embrace every so-called legal issue of fact arising therein. (Civil Code (1877), secs. 312, 313; Former edition of Code, secs. 342, 343.)

2. At the time of the adoption of the present Civil Code of Practice litigants did not have, under the law as then existing, the right to demand a jury trial of all so-called legal issues of fact arising in equitable actions, but the power to order a jury trial was inherent in the chancellor, and therefore to be exerted at his discretion, and not as a duty imposed, and this power of the chancellor has not been taken away or abridged by the Constitution or written law of this State. (3 Am. and Eng. Enc. of Law, pp. 719–722; Proffatt on Jury Trials, secs. 91, 92, 93; 7 Lawson's Rights and Remedies, secs. 3791, 3792.)

Meek v. McCall, 80 Ky., 372, and Hill v. Phillips, 87 Ky., 169, distinguished.

3. The classification in Meek v. McCall and Hill v. Phillips of equitable actions as "purely equitable" and as "equitable and legal combined," is not recognized by the Code of Practice, or by the precedents of this court, or other courts of last resort. (Civil Code, sec. 313; Head v. Head, 3 A. K. Mar., 120; Baltzell v. Hall, 1 Litt., 98; Carmichael v. Adams, 91 Ind., 526; Cannon v. Blue Gravel & Co., 68 Cal., 264; Sheppard v. Steele, 43 N. Y., 52; Idaho & Or. Land Co. v. Bradbury, 132 U. S., 515.)

4. The amendment of April 29, 1890, to section 10 of the Civil Code of Practice, is constitutional, and is sufficient to support the action of the court in refusing to transfer.

CHIEF JUSTICE BENNETT DELIVERED THE OPINION OF THE COURT.

The appellee sued the appellants on their contract for the price of repairing and remodeling their flouring mill, and asked that a lien be declared and enforced on the

mill for the price; hence the suit was brought in equity.
The appellants admitted the contract to repair and
remodel the mill, but claimed that the work was not done
in a workmanlike manner, and breach of warranty as to
the quality of the work, and asked damages in conse-
quence.   The appellant, before the trial in equity, moved
the court to transfer the legal issues thus framed to the
common law docket to be tried by jury.   The motion
was overruled and the case tried by the court; from that
judgment this appeal was taken.   Did the lower court
have a discretion to grant the motion or not?   Or, should
it have been granted as a matter of right?   It is to be
observed that the issues formed were legal issues and
triable by jury, and that the only thing that gave a court
of equity jurisdiction of the case is that a lien was
sought to be enforced on the mill property for the price
of the repairs.   No lien could be enforced on the mill
property except to satisfy the unpaid price of the repairs,
the right to which was put in issue.   That issue was a
legal issue, triable by jury.   Section 12 of the Civil Code
provides in substance that either party to an equitable
action, properly brought in equity, may, by motion, have
the case transferred to the ordinary docket for the trial
of any issue concerning which he is entitled to a jury
trial, but either party may require every equitable issue
to be disposed of before such transfer.   Here, the matter
that gave the court jurisdiction was the enforcement of a
lien on the mill property to satisfy the price of the
improvements, and if there was nothing due on account
of the improvements, of course there was nothing for a
court of equity to enforce.   Hence, whether or not there
was any sum due for repairing the mill was the legal

issue to be tried. This court in the cases of Meek v. McCall, 80 Ky., 375, and Hill v. Phillips, &c., 87 Ky., 169, has construed the 12th and other similar sections of the Civil Code as follows: That if the equitable right depends upon the decision of legal issues, concerning which the party is entitled to a jury trial, the case, on motion, should be transferred as matter of right to the common law docket to be tried by jury. The court has no right to refuse such transfer, unless the case be purely equitable, in which case it has discretionary power as to the transfer, and may, at its discretion, obtain the advisory aid of a jury in coming to a correct conclusion upon any question of fact involved in the issues to be tried. The Constitution of this State guarantees the right of jury trial. This means a trial according to the course of the common law, and secures the right only in cases where a jury trial was customarily used at common law; but in cases of purely equitable cognizance a trial by jury is not a matter of right, but it is addressed to the discretion of the chancellor. The right of trial by jury as secured to the citizen by the Constitution of the State, can not be taken away or placed at the discretion of the chancellor by converting a legal right into an equitable one, or by giving the chancellor an exclusive right to try legal issues, because there is some equitable right that arises out of the establishment of the legal issues, so as to infringe upon the right of trial by jury. That right must remain inviolate as a secured constitutional right of the citizen in all trials in which, according to the course of the common law, the right to a trial by jury exists.

The judgment is reversed, and the case remanded, with directions to award to the appellants a trial by jury.