## Lewis v. Helton.

(Decided September 28, 1911.)

### Appeal from Rockcastle Circuit Court.

1. Equitable Action—Issue   at   Law—Trial   by   Jury.—Where   a
   litigant desires to have an issue at law arising in an equitable
   action tried by a jury, a motion for that purpose must be made
   at the time the pleading tendering the issue is filed, or within
   a reasonable time thereafter. In the absence of any terms by

the chancellor as to the way the evidence should be introduced
he should have permitted the witnesses to testify orally in court.

2.   Interest on Debt—Tender.—A tender unless kept up does not
stop the interest on a debt.

R. G. & C. C. WILLIAMS for appellant.

L. W. BETHURUM & A. G. PATTERSON for appellee.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

This litigation involves but a single question of fact:
was the initial payment of $2,000 upon the purchase
price of a tract of land made by appellee to appellant?
Upon the trial of this question, under proper instruct-
ions, a jury found in favor of appellee, and the case is
brought here upon a question of practice.

Appellee contracted with appellant for a farm and
certain personal property thereon, agreeing to pay him
$4,000 therefor.  A writing evidencing their agreement
was drawn up by appellant and delivered to appellee on
the 8th day of September, 1910.   This writing recited
that the $2,000 had been paid cash in hand, and that the
second installment  of the purchase money was due
sixty days thereafter, when the deed was to be made.
Upon the trial appellant admitted drawing this writing,
but insisted that no money had in fact been paid, and
that under their real agreement none was to be paid for
sixty days thereafter.  Appellee was placed in posses-
sion of the farm, and along in February following, upon
his declining to accept a deed providing for the payment
of $4,000, suit was instituted to enforce the contract and
subject the land to the payment of the purchase price. It
appears that, on the morning of the day following the
trade appellant appeared at the home  of appellee and
requested him to  sign a duplicate contract of sale so
that each could have a copy.  With appellant's petition
he filed what he alleges was the real contract of sale,
which is as follows:

Wildie, Ky., Sept. 8, 1909.
"This contract made and entered  into by and be-
tween R. H. Lewis, of the first part and Carlo Helton
of the second part,
"Witnesseth, that for and  in consideration of the
sum of $4,000, Four Thousand Dollars, two thousand to
be paid in sixty days at the same time deed is to be made

and time to be mentioned for the two thousand remaining, the said R. H. Lewis sells and conveys to Carlo Helton the farm known as the Jas. Prewitt farm being the same farm Lewis bought of Prewitt and containing 214 3-4 acres more or less. Said Lewis also sells to Helton all of his farming implements and his part of corn now on farm. Lewis further gives Helton seeding purposes now and full possession Jan. 1, 1910. The said Helton takes Lewis' contract with his men on farm to-wit, Langford and Eagan.

"R. H. Lewis,
"Carlo Helton."

Witness:

Carter Helton,
William Helton."

With appellee's answer he filed the contract of sale which was drawn by appellant on the day the sale was made, said contract being as follows:

"Sept. 8, 1909.

"This contract made and entered into by and between R. H. Lewis of the first part and Carlo Helton of the second part;

"Witnesses that for and in consideration of the sum of $4,000, four thousand dollars, to be paid $2,000 cash in hand, the remaining $2,000 in time to be mentioned when deed is made R. H. Lewis do sell and convey to the second party the farm known as the Prewitt farm, the same that said Lewis bought of Prewitt containing 214 3-4 acres more or less. Said deed is to be made in sixty days at said time second payment is to be made. Said Lewis also sells to said Helton all of his farming implements and his part of corn crop now growing on said farm. Said Helton agrees to take Lewis' contract with men on farm, to-wit, Langford and Egan. Said Lewis gives Helton all privileges for seeding purposes at once and full possession Jan. 1, 1910.

"Witness our signatures:

(Signed)    R. H. Lewis,
Carlo Helton,

"Witness: Carter Helton,
William Helton."

As will readily be observed, there is a radical and ir-

reconcilable difference between these two papers. They support the claims of their respective holders.

The case was prepared in equity, but upon appellant's motion the issue as to whether or not this payment had been made was tried by a jury. Upon the trial appellant moved to have the testimony introduced orally. Counsel for appellee objected, and insisted that as the case had been prepared in equity the depositions of the several witnesses in the case should be read to the jury. This motion was sustained and the case was so tried, except that the court permitted some of the witnesses to be called to the stand for further examination or cross-examination, and permitted some witnesses, who had not given their depositions, to be examined orally. It is of this ruling that appellant complains and upon this alleged error he now seeks a reversal.

Section 12 of the Code provides that upon motion either party to an equitable action may have the case transferred to the ordinary docket for the trial of any issue concerning which he is entitled to a jury trial. And in Carder v. Weisenburgh, 95 Ky. 135, and Hill v. Phillips, 87 Ky. 169, it was held that if the issue involvd in an equitable action is a purely legal one, and the decision of this legal issue determines the equitable right, the case, upon motion, must be transferred for a jury trial, and the court has no discretion in the matter. The case under consideration falls within that class. Appellant as a matter of right was entitled to have the case transferred and the issue tried by a jury, unless he lost that right by failing to make his motion for such transfer within a reasonable time after this legal issue was made. The petition was filed in February, 1910; the answer was filed April 1st, and a tender of $2,000, admitted to be due on the land, made in open court. On April 14th a reply was filed. In this reply issue was joined on the question of the payment of the initial $2,000; but appellant at that time made no motion to transfer the case. Nor was such a motion made until June 27th, following. On May 13th, 1910, defendant, who had the burden, took his proof in chief, and plaintiff commenced taking his proof in chief on June 13th, and finished before any motion to transfer was made. It has frequently been held that where a litigant desires to have an issue at law, arising in an equitable action, tried by jury, the motion to have the case transferred for such purpose must be

made at the time that the pleading tendering the issue is filed, or within a reasonable time thereafter. Appellant did not measure up to the requirements of this rule. Under its strict enforcement he was not entitled to have this case transferred at all, for he delayed making the motion for an unreasonable length of time and until the case had been fully prepared to be tried in equity. The Chancellor might have denied his motion altogether, or, in granting it, placed him upon such terms as to the introduction of evidence as he saw proper. But as the Chancellor imposed no terms as to the way in which the evidence should be introduced, he should have permitted the witnesses to be introduced and testify orally before the jury, as in Morawick, et al. v. Martineck's Guardian, 128 Ky., 155, this was held to be the proper practice. But his failure to do so, as said in that case, does not constitute a reversible error, in the absence of a showing that this failure has placed the appellant at a disadvantage. Appellant was permitted to testify orally, in addition to having his deposition read; and his father-in-law, a main witness, was likewise permitted to go before the jury and testify. Appellee was called and examined orally, as was one of his chief witnesses. Several other witnesses were likewise interrogated orally, either in whole or in part, and we fail to see wherein the appellant's rights were in any wise prejudiced by reason of the court's refusal to require all the witnesses to testify orally. This being so, the ruling, though erroneous, affords no ground for reversal.

Complaint is made that the court erred in refusing to allow appellant interest on his debt from the date that it was tendered in court until the date of judgment. In Lloyd v. O'Rear, 22 Rep., 1000, it is held that a tender, unless kept up, does not stop the interest on a debt. As the Chancellor allowed appellant interest to the date of the tender and none thereafter, in the absence of any showing to the contrary it is presumed that the tender which was made in open court was kept up.

Upon the whole case we are satisfied that the verdict of the jury does substantial justice between the parties, and it is, therefore, affirmed.