## Fort, et al. v. Wiser, et al.

(Decided March 8, 1918.)

### Appeal from Jefferson Circuit Court (Common Pleas Branch, Second Division).

1. Trial—Equitable Action—Legal Issues—Verdict of Jury—Effect.— Where in an equitable action to enjoin trespass and recover damages, the case is transferred to the common law court for trial by a jury of the question of title and damages, the case is one involving a distinct legal issue and the verdict of the jury is to be treated as in ordinary jury trials and will not be disturbed unless flagrantly against the evidence.

2. Trial—Pleading—Issues—Instructions.—On the transfer of an equitable action to a common law court for the purpose of a jury trial on legal issues, it was not error to refuse to instruct on an equitable issue not presented by the pleadings.

3. Appeal and Error—Verdict—Excessiveness.—In an equitable action to enjoin trespass and recover damages, which was transferred to the common law court for trial of the legal issues of title and damages, a verdict of damages in the sum of $200.00 held not excessive.

4. Trial—Equitable Action—Legal Issues—Equitable Estoppel—Plead-
ing—Amendment After ' Adverse Decision by Jury—Abuse' of
Discretion.—Where in an equitable action to enjoin trespass and
recover damages the defendants, without pleading equitable es-
toppel, had the case transferred to the common law 'court for
the trial of the legal issues of title and damages, it was not an
abuse of discretion on the part of the chancellor on the return
of the case after the finding against the defendants, to refuse to
permit the defendants to file an amended answer presenting the
plea of equitable estoppel for the purpose of having a second
trial on a different phase of the same issue previously decided
by the jury.

CHARLES CARROLL for appellants.

HUGH R. FLEECE for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COM-
MISSIONER—Affirming.

Plaintiffs, Mary Wiser and others, brought this suit
in the Jefferson Circuit Court, Chancery Branch, against
W. Aaron Fawcett, Moses Fort and the E. I. DuPont
DeNemours Powder Company, to enjoin, and recover
damages for trespass in a small strip of land lying in
Jefferson county. On motion of the defendants, the case
was transferred to the common pleas branch, second
division, for trial of the common law issue of title. The
jury found that the land belonged to plaintiffs and gave
damages against Fawcett in the sum of $5.00, and against
Fort and the Powder Company jointly in the sum of
$200.00. Upon this verdict a judgment was entered by
the common pleas court and the trial, verdict and judg-
ment were certified to the chancery court which entered
judgment in conformity to the judgment of the common
pleas court. Fort and the powder company appeal.

It appears that in the year 1854, John Wiser owned a
tract of land containing 160 acres. In that year he
conveyed 60 acres of this tract to his son Davis Wiser,
and 100 acres to his son Anthony Wiser. By agreement
between Davis Wiser and Anthony Wiser, their lands
were processioned in the year 1859 and the beginning
corner of the dividing line fixed at a large stone.

Plaintiffs are the heirs of Davis Wiser, who died in
the year 1890, leaving ten children. By a proceeding in
the Jefferson county court during that year, the lands of
Davis Wiser, including the sixty acres conveyed to him

by his father, were partitioned among his children and deeds executed to them for their respective portions. A small stone twenty-four and one-half feet east of the corner establishd by the processioners, was fixed as the corner stone of the sixty acre tract.

Of the 100 acres belonging to Anthony Wiser, Aaron Fawcett acquired title to one acre, and Moses Fort to twenty-nine acres, immediately adjoining the sixty acre tract of Davis Wiser now owned by the plaintiffs.

A few years ago, the powder company entered into a contract with Fort by which, in consideration of the payment of a certain sum, Fort permitted it to build a road from the county road leading to the company's land on which its depot is located. Plaintiffs contend that this road was located on their land, while the defendants contend that it was located on the land of Fort.

In their petition plaintiffs set forth the proceedings by which the lands of Davis and Anthony Wiser were processioned, and alleged in substance that the dividing line running from the large stone to the stone corner of L. M. Payne, as fixed by the processioners, was the true dividing line. They further alleged that the commissioners in the proceeding to partition the lands of Davis Wiser among his children, make a mistake in fixing the beginning corner of the dividing line between the lands of Davis and Anthony Wiser at the small stone, and the plaintiffs did not discover the mistake until shortly before the bringing of the suit. The defendants deny the material allegations of the petition and in the second paragraph pleaded affirmatively that after the dividing line was established by the processioners in the year 1859, Anthony Wiser, being dissatisfied with it, had a second line run beginning at the small stone, and that this was the correct line and was thereafter recognized as the established line. They further pleaded that in the proceeding to partition the lands of Davis Wiser, the line contended for by defendants as the true dividing line between the lands of Davis and Anthony Wiser, was fixed by the commissioners as the western boundary of the land partitioned and the deeds conveying to that line were made to, and accepted by, the heirs of David Wiser including the plaintiffs, and that they entered upon and took possession of the lands of Davis Wiser as described in said deeds. In the same connection they pleaded adverse possession to the strip of land in controversy up to

the line fixed by the commissioners and by the survey alleged to have been made after the establishmnt of the line by the processioners in 1859.

We deem it unnecessary to detail the evidence heard by the jury in the common pleas court. This is not a purely equitable action in which the verdict of the jury on an issue of fact is merely advisory and the chancellor may disregard the verdict and enter judgment in conformity with his view of the weight of the evidence, but a case involving a distinct legal issue which either party had the right to have tried by a jury. In such a case the verdict of the jury is to be treated as in ordinary jury trials, and will not be disturbed unless flagrantly against the evidence. Winchester, et al. v. Watson, et al., 169 Ky. 213, 183 S. W. 483; Hill v. Phillips, 87 Ky. 169, 7 S. W. 917; Morawick v. Mortineck, 128 Ky. 155, 107 S. W. 759. It is therefore only necessary to say that we have carefully examined the evidence, and, in our opinion, it is sufficient to sustain the verdict.

During the trial in the common pleas court, the court refused to give the following instruction offered by the defendants:

"If the jury believe from the evidence that plaintiffs permitted defendants, Fort and powder company to erect valuable and lasting improvements upon the lands in controversy, and this with knowledge of plaintiffs, and plaintiffs made no effort to prevent said improvements and failed to claim the land, then they are now estopped from claiming same, and as to said land covered by said improvements they should find for defendants, Fort and powder company."

In reply to the contention that the refusal of this instruction was error, it is only necessary to say that the instruction presents an issue of equitable estoppel and no such issue was pleaded by the defendant.

Another error relied on is that the jury's finding of $200.00 damages was excessive. As the diminution in the value of the use of the land was fixed as the measure of plaintiffs' damages, and as we have no means of determining with any degree of certainty the precise effect of the construction of the road on the use of the land, we conclude that the question of damages was peculiarly for the jury which heard the evidence, and are not inclined to hold that its finding was excessive.

Lastly it is insisted that the chancellor, upon the return of the case from the common pleas court, erred in refusing to permit defendants to file an amended answer pleading estoppel. If the defense of equitable estoppel had been properly pleaded in the original answer, plaintiffs would have had the right to insist on a decision of that issue before the case was transferred to the common pleas court for the trial of the legal issue. While defendants did allege in their original answer that the commissioners in the partition proceeding fixed the western boundary of the land of Davis Wiser upon the line now claimed by defendants as the true dividing line between the lands of Davis Wiser and Anthony Wiser, and that plaintiffs accepted deeds conveying their respective tracts up to that line, it is clear that these allegations bore merely on the location of the dividing line and on the question of adverse possession, and were not sufficient to raise the issue of estoppel. The defendants having failed to present the issue of estoppel at the proper time, and having risked the question of title and damages to a tribunal of their own choice, it was not an abuse of discretion on the part of the chancellor, on the return of the case after the finding against the defendants, to refuse to permit them to file an amended answer for the purpose of having a second trial on a different phase of the same issue previously decided by the jury.

Judgment affirmed.