### Wilson v. Carrollton Leaf Tobacco Warehouse Company.

(Decided February 4, 1919.)

#### Appeal from Carroll Circuit Court.

1. Trial—Transfer of Causes.—Where plaintiff sues on a long and complicated account growing out of a contract, the defendant is entitled to a transfer of the cause to the common law docket, where the account is admitted by a failure to deny, and the answer, set-off and counterclaim present three distinctly legal issues triable by a jury.

2. Trial—Transfer of Causes—Motion for Transfer—When Seasonably Made.—A motion for transfer of a cause to the common law docket for trial of legal issues is seasonable, when made within a reasonable time after the filing of the pleading tendering the issues.

F C. GREENE and J. A. DONALDSON & SONS for appellant.

WINSLOW & HOWE for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

On October 18, 1910, J. W. Wilson and the Carrollton Leaf Tobacco Warehouse Company entered into a written contract, by the terms of which Wilson agreed to sell all the tobacco he bought or controlled during the season of 1910-1911 over the floor of the warehouse company, and the warehouse company agreed to pay for said tobacco so bought and delivered. The contract further provided that the warehouse company was to have full fees for the selling of the tobacco, and that settlements were to be made at the expiration of each week's sales, and that Wilson was to have all profits and to pay all the losses to the warehouse company,

On March 4, 1912, the warehouse company brought suit to recover the sum of $1,065.92 alleged to be due under the contract. While the petition was in ordinary, the action seems to have been entered on the equity docket. Thereafter, the pleadings in the case were lost and the case was referred to the master commissioner for the purpose of supplying the lost papers. On February 1, 1915, plaintiff, together with James F. Jett, its trustee, filed an amended petition making Jett, trustee, a party plaintiff. With the amended petition, an itemized statement of the account between plaintiff and defendant was filed, showing a balance due plaintiff of $994.61, for which judgment was asked. At the April term, 1915, the defendant filed an answer, set-off and counterclaim in four paragraphs. In the first paragraph, he denied that the plaintiff had sold its assets to James F. Jett, as trustee. In the second paragraph, he pleaded that for a period of six months during the season of 1910-1911 he worked for and assisted plaintiff in making sales and securing good prices for tobacco, and that his said services were performed at the special instance and request of plaintiff and were reasonably worth the sum of $165.00 per month, which plaintiff promised to pay. In paragraph three, he pleaded that at the special instance and request of plaintiff he employed men to assist him in the work, and paid them the sum of $75.00, which sum plaintiff agreed and promised to pay to the defendant. In paragraph four, he pleaded that he delivered to plaintiff nine thousand pounds of tobacco at the value of $1,080.00, which plaintiff never accounted for. At the August term, 1915, plaintiff demurred to each paragraph of the answer, set-off and counterclaim, and the demurrer was overruled. At the same term, the defendant moved

to transfer the action to the common law docket. This motion was subsequently overruled and an exception saved by the defendant. Upon completion of the issues, the motion was renewed and again overruled, to which an exception was saved. Later on the case was referred to the master commissioner over the objection of the defendant. The commissioner filed a report rejecting the items set up in the answer, set-off and counterclaim of the defendant, and finding that the defendant was indebted to plaintiff in the sum of $994.61. This report was subsequently confirmed and judgment entered accordingly. The defendant appeals.

The refusal of the trial court to transfer the case to the common law docket is the chief ground urged for a reversal. As justifying the action of the court, it is argued that the suit involved mutual and complicated accounts, and was therefore properly triable in equity. As a matter of fact, however, not a single item of the lengthy account filed with the petition was contested. On the contrary, the items embraced in the account were admitted by defendant's failure to deny them. With these items eliminated, there was left no issue of equitable cognizance. There remained only three distinctly legal issues which the defendant had the constitutional right to have tried by a jury, provided the motion to transfer was seasonably made. Carder, et al. v. Weisengburg, 95 Ky. 135, 23 S. W. 964. Of this there can be no doubt, because the motion was made within a reasonable time after the filing of the pleading tendering the issues. Lewis v. Helton, 144 Ky. 595, 139 S. W. 772. It follows that the trial court should have transferred the case to the common law docket.

Judgment reversed and cause remanded for proceedings consistent with this opinion.

---

ON PETITION FOR REHEARING.

1. Pleading—Estoppel—Reply—Sufficiency.—In an action on an account, the allegations of the reply held insufficient to constitute an estoppel against certain claims set up in the answer, counterclaim and set-off.

2. Account—Action On—Pleading—Answer and Counterclaim.—Inconsistent Position.—A party cannot admit the correctness of an account and at the same time insist, by way of counterclaim, that

certain credits were omitted which would necessarily render the account incorrect.

3. Account—Action On—Set-off—Inconsistent Positions.—Where an account stated had no connection with certain claims for services rendered and expenses incurred under an oral contract of employment, defendant's admission of the correctness of the account did not preclude him from relying on his set-off for such services and expenses.

4. Appeal and Error—Legal Issues—Jury Trial—Denial of Right—Error.—Where defendant's answer and set-off presented two legal issues which he had the right to have tried by a jury, the denial of the right was prejudicial error.

F. C. GREENE and J. A. DONALDSON & SONS for appellant.

WINSLOW & HOWE for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Modifying former opinion and overruling petition for rehearing.

In its petition for rehearing, appellee contends that the court failed to give proper effect to its reply pleading estoppel against the claims set up in appellant's answer and counterclaim, it being argued that the reply set up a complete defense, and that being true, there were no common law issues to be submitted to the jury. The reply is as follows:

"For further reply, herein to the entire answer, counterclaim and set-off of the defendant as amended, plaintiff says:

"'That during all the times referred to in plaintiff's petition as amended and in defendant's answer, counterclaim and set-off, the plaintiff, the Carrollton Leaf Tobacco Warehouse Co., was engaged in selling loose leaf tobacco in Carrollton on commission on the open market; that it was at said time and place the rule, custom and habit and practice of all the tobacco trade (including the plaintiff) engaged in conducting sales of loose leaf tobacco in Carrollton on commission that whenever any person delivered tobacco to the warehouse to be sold, to weigh the same in due course of business in the presence of the same and to immediately give to the person so delivering the tobacco, a written statement of the number of pounds so delivered, and the date of delivery, and the owner or person delivering the tobacco had the right to demand said written statement, and plaintiffs say that the defendant, Wilson, knew well of this rule, habit and custom and practice, of his right to have such written

statement delivered to him, and the plaintiff says that such statements were made out for delivery to said Wilson and if he failed to get them it was by reason of his own negligence and his failure to demand and get them.

" 'That it was likewise the rule, custom, habit and practice of all persons, including plaintiffs, in Carrollton, engaged in the business of conducting sales in loose leaf tobacco on commission, whenever any tobacco was sold on the floors of said warehouse to give both the seller and the buyer a written statement showing the number of baskets of tobacco, that were sold, the number of pounds in each basket, the quality of the tobacco and the price at which the same was sold, and the amount of commission for making the sale, upon each day of sale to make settlements in actual cash or check, with both the purchaser and the seller, including defendant, unless the said purchaser or seller was running a regular account with the warehouse, in which event the said purchaser would be charged with the amount purchased and the seller credited with the net proceeds of the sale and the patron, whether seller or purchaser, or both, was thus enabled to keep an accurate account of all his purchases and sales, or either of them, and to know exactly the amount of tobacco held by the warehouse for the patron at the close of each day, and it was the right and custom of all patrons, including the defendant, to get such statements.

" 'That this habit, rule, custom and practice, and right was well known to the defendant, and plaintiffs say that said written statements or accounts were made for and delivered to defendant or that if he failed to get the same, it was because of his own neglect.

" 'That at various times during the times embraced by the account sued on herein by plaintiffs, settlements were made between plaintiffs and defendant and at no time until after the institution of this action did the defendant make any claim upon plaintiff for any of the amounts sued for in his counterclaim and set-off, nor did he in any wise until then, make any pretense to having any counterclaim or set-off of any kind whatever against plaintiff.

" 'Plaintiff says that it was the duty of the defendant during the time of the incurring of these mutual accounts to notify the defendant, if he was in any wise dissatisfied with the manner in which the plaintiff was conduct-

ing the business, including the keeping of the accounts, and not wait until a fluctuating market would disclose whether or not the defendant would make or lose money by trading with the money of plaintiff and the defendant having failed to notify plaintiff of his pretended claims until after the close of the market for that season, waived his right thereto, if any he had, and is estopped from setting up any of the claims attempted to be set up in his answer, set-off and counterclaim as amended, and plaintiff now pleads and relies on each of said acts of defendant as an estoppel in bar of each and all of said claims.' ''

In our opinion the reply does not allege facts sufficient to constitute an estoppel. It merely alleges such conduct on the part of appellant as tends to discredit the justness of the items embraced in his counterclaim.

However, we conclude that the trial court erred in not sustaining the demurrer to paragraph four of the amended answer and counterclaim, which sought a recovery for the 9,000 pounds of tobacco which it is alleged appellee failed to account for. Our reasons for this conclusion are as follows: Appellee sued for a balance due under a stated account, showing in detail the various sums advanced by appellee to appellant, and the various payments made by appellant to appellee. Appellant failed to deny the correctness of any item embraced in the account, or the correctness of the balance due under the account. Manifestly, if the account was correct, there was no tobacco unaccounted for. A party cannot admit the correctness of an account and at the same time insist, by way of counterclaim, that certain credits were omitted which would necessarily render the account incorrect. Under this view of the case, the claim for the 9,000 pounds of tobacco unaccounted for is eliminated from the case, and appellant is not entitled to have this claim tried by a jury.

With respect to appellant's claim for services and expenses, a different state of case is presented.

The account sued on purported to deal only with matters arising under the written contract, and had no connection with appellant's claim for services rendered and expenses incurred under his oral contract of employment. That being true, appellant's admission of the correctness of the account sued on did not preclude him from relying on his set-off for such services and expenses. Hence,

·there remained two legal issues which the appellant had the right to have tried by a jury, and the denial of this right was prejudicial error.

Wherefore, the opinion is modified as above indicated, and the petition for rehearing is overruled.