## Royster v. A. Waller & Company.

(Decided January 13, 1920.)

### Appeal from Henderson Circuit Court.

Contracts—Breach of Contract—Action for.—In an action to recover for breach of contract, it is ordinarily necessary for the plaintiff to aver that he was ready, able and willing to perform his part of the contract; but where the defendant has notified plaintiff that he will not perform his part of the contract by delivering the goods or otherwise, and this allegation is made, it is unnecessary to aver readiness to perform on the part of the plaintiff, but it will be sufficient to allege that the defendant has refused to comply with the terms of the contract and has so notified the plaintiff.

YEAMAN & YEAMAN for appellant.

DORSEY & DORSEY for appellee.

Opinion of the Court by Judge Sampson—Affirming.

This action was instituted in the Henderson circuit court by A. Waller & Company against appellant, X.

R. Royster, to recover damages for an alleged breach of the following written contract:

"Corydon, Ky., Mar. 2, 1917.

"I have this day sold to A. Waller & Co., my entire crop of corn, estimated at about 4,000 bushels, which I am to sack and deliver at Whittman Landing on or before — as fast as can be delivered next, same to be weighed on river bank and placed on good double dunnage, and the seller agrees to protect same until loaded.

"The seller is to board weigher while said corn is being weighed and delivered without cost to A. Waller & Co. Said corn to be good sound, merchantable. A. Waller & Co., agree to pay me $1.00, 70 lbs. per bushel for said corn as soon as delivered in accordance with this agreement.

"If for any reason the above corn is not delivered within the time specified, we are to have the right to extend the time if we so desire.

"No representative has any authority to change any part of the conditions of this contract, and if so done will not be binding upon the buyer.

"X. R. ROYSTER.
"A. WALLER & CO.,
By W. C. Boyly.

"Ship bags to Lewis Crunk, Whittman Landing first."

The jury returned a verdict in favor of the plaintiff for $1,528.00, upon which judgment was entered, and Royster appeals.

To reverse the judgment appellant Royster's counsel occupies a large part of his able brief in an endeavor to show that the petition, as amended, was defective to such an extent as to have entitled appellant to a judgment notwithstanding the verdict. The original petition which seeks to recover $2,080.00 damages for failure of defendant Royster to deliver his crop of corn, estimated at 4,000 bushels, to appellee, Waller & Company, according to the written contract, nowhere avers that Waller & Company were ready, able and willing to perform their part of the contract, but in an amended petition this allegation is made, "On last Saturday, the 21st of April, 1917, this plaintiff notified the said defendant that it would be ready to receive said corn at Whittman, and on this date April 23, 1917, the said defendant notified this plaintiff that he would not deliver said corn;" and it was further alleged in the same pleading "this

defendant could have delivered said corn at Whittman Landing if he had desired to do so but he refused to do so, notwithstanding he had been notified repeatedly between the date of said contract (March 2, 1917), and the 21st of April to deliver said corn, but refused to do it,'' and assigns as his reason that corn had advanced in price.

· It is a general rule of pleading that in an action for specific performance or to recover damage for the breach of contract, as in this case, the plaintiff must allege that he was ready, able and willing to perform his part of the contract according to the terms thereof in order to entitle him to a recovery. But there are some exceptions to this rule which we will hereafter notice. Newman's Pleading and Practice, edition 1916, section 287, *et sequentia*. While the pleading omits the averment that the plaintiff was ready, able and willing to perform its part of the contract, which consisted in receiving and paying for the corn after its delivery at Whittman's Landing, it repeatedly charges that the defendant, Royster, announced to the agent of the plaintiff that he would not comply with his contract by delivering the corn, and this is borne out by the evidence. In such cases, which of themselves amount to a breach of the contract which entitles the plaintiff to maintain an action for damages, it is unnecessary for the plaintiff to allege in bringing his action that he is ready, able and willing to perform his part of the contract, and this is one of the exceptions often enlarged upon by text writers. It was, therefore, not necessary for the plaintiff to have alleged that it was ready, able and willing to perform its part of the contract in order to maintain its action. But, it did in a manner make an averment of readiness to perform its part of the contract though it was imperfectly done. In such case, after verdict, every presumption is indulged in favor of the pleading; before verdict the rule is to the contrary.

It is also insisted for appellant that the evidence is wholly insufficient to sustain the verdict, but we find no merit in this contention.

The instructions, however, are subject to criticism. Indeed, the second instruction is regarded by appellant as a peremptory direction to find for the plaintiff, but when it is read in connection with the other instructions, the law of the case is fairly stated. As a whole the instructions are entirely too long and not free from con-

fusion, but we are confident, the nature of the case considered, the jury was not misled.

We apprehend that the measure of damages to which plaintiff is entitled is the difference between the contract price of the corn per bushel, and the market price of similar corn on the day on which the defendant Royster notified the plaintiff that he would not comply with his contract by delivering the corn, which was April 22nd, the day the suit was instituted, and this was found by the jury. Up to that time, if that was not an unreasonable time, according to the custom among dealers in corn in that vicinity, Royster had the privilege of requesting additional time of the purchaser in which to deliver the corn, and under the written contract it appears that had Royster requested such additional time in which to deliver the corn and such request had been made within a reasonable time after the making of the contract, Waller & Company would have been obliged to have granted the request or have released Royster from the contract, especially in view of the fact that high water and mud interfered with the handling of the corn. In other words, Royster was not required to do the impossible thing, but his contract was subject to all natural conditions over which he had no power of control, such as winds, floods and other natural causes. However, when appellant Royster announced his purpose not to comply with the contract and deliver the corn, plaintiff's cause of action immediately accrued, and such would have been the case had he made such an announcement any day subsequent to the making of the contract.

Judgment affirmed.