## Miller v. Winter.

(Decided December 19, 1924.)

### Appeal from McCracken Circuit Court.

1. Pleading—Defects in Petition for Reformation of Lease Waived by Failure to Demur and Trial of Issues.—Where petition for reformation of lease failed to allege mutual mistake, but no demurrer was filed, and defendant answered by traverse and affirmative denial, and case was tried on issue whether parties intended lease as drawn with reference to disputed matter, defendant waived the defect.

2. Reformation of Instruments—Evidence Held to Show Mutual Mistake Warranting Reformation of Lease.—In action to reform lease of hotel premises described as being "the first, second, and third floors" of a designated building, by striking therefrom the first floor, which was occupied by shops and stores rented on long term

leases, evidence held to show mutual mistake warranting reformation.

CHARLES FERGUSON, NICHOLS & NICHOLS, MOCQUOT & BERRY, A. Y. MARTIN and JACK FISHER for appellant.

M. E. GILBERT for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Affirming.

Appellant and appellee entered into a written lease contract, on January 23, 1922, whereby Winter let to Miller a certain building, or at least a part thereof, for a term of seven years (7) from that date, reserving a rental of $150.00 per month, payable on the first of each month. The premises let are described in the writing as follows: "Being the 1st, 2nd and 3rd floors of the Brook Hill building located at the intersection of Fourth and Broadway, and the same floors now in use by the Winter Hotel," in the city of Paducah. After the written contract had been executed and delivered and Miller had taken charge of the hotel with the furniture and fixtures which he purchased at the same time, appellee Winter instituted this action for a reformation of the contract in this particular, the first floor stricken therefrom so that the description of the premises would read: "Being the 2nd and 3rd floors of the Brook Hill building," &c., on the ground of oversight and mistake of the parties in the execution of the writing, alleging that the contract was for the second and third floors only and not for the first floor, but by oversight and mistake of the parties in the preparation of the writing the premises were described as "being the 1st, 2nd and 3rd floors of the Brook Hill building," etc., whereas, they intended and meant to include the second and third floors of that building only. No demurrer was filed to the petition, which was defective, because it did not allege a mutual mistake but merely alleged that by oversight and mistake of the parties the contract improperly included the first floor. Answer was filed on the merits, pleading that the writing expressed the contract of the parties and that there was no mistake in its execution. No reply was filed and the affirmative averments of the answer were not controverted.

After examining the petition and the answer we are constrained to hold that while the petition was defective

it was not tested by demurrer, and the averments of the answer were so enlarged upon those in the petition as to cure the defect, especially where the parties treated the issues as made without objection until after trial and judgment. The answer consisted of a traverse and an affirmative denial. The matter of an affirmative nature in the answer was but a traverse in effect of the averments of the petition, at least the parties seemed so to have treated it, for no reply was filed and the parties proceeded to and did take proof, and to try the case upon its merits without questioning the sufficiency of the pleadings to make an issue. The only issue was, as to whether the parties intended to embrace in their contract of lease the first, second and third floors of the Brook Hill building, or only the second and third floors thereof. All the evidence was directed to this issue. Even though the leadings are defective and irregular, after prepraation, if no objection be made for want of traverse of any affirmative pleading, the trial court is justified in trying the issues as made, and the parties must be treated as having waived all such defects and irregularities.

The evidence shows that there were several stores and shops on the first floor of the Brook Hill building, and that these shops and stores were rented on long-term leases, the rentals ranging from $85.00 to $200.00 per month. It further shows that appellee Winter had leased the property some years before from Mrs. Taylor at a monthly rental of $250.00 per month, for the entire building, Winter agreeing to pay all taxes and to keep the building in repair at his own expense, giving to her $250.00 net, each month. It is also shown that the taxes upon this property which Winter agreed to pay amounted to about $1,200.00 per year, and that the repairs amounted to a considerable sum. When these facts are taken into consideration with the further fact that the contract in terms provided for the lease of the Winter hotel "the same floors now used by the Winter hotel," and it appearnig that Miller sought only to lease a hotel and not other rooms, that the trial court properly held that by mutual mistake the parties to the contract embraced not only the second and third floors of the building but the first floor thereof when it was not contemplated that Miller should have the use of the first floor or the rentals arising from the tenants occupying the same. We think the mistake is proven by clear and

convincing evidence and that the court properly reformed the contract so as to include the second and third floors only of the Brook Hill building.

While there were several minor errors in the practice of the case none of them prejudicially affect the rights of appellant upon the merits.

Judgment affirmed.