## Tracy v. C. M. McClung & Company.

(Decided June 8, 1926.)

### Appeal from Whitley Circuit Court.

1. Sales—Seller's Recovery of Interest on Amount Due from Buyer Held Sustained, where Demand for Payment was Made and seller's Regular Terms were 60 Days, "with Interest Charged After Maturity."—Recovery by seller of heating and plumbing materials of interest on amount due from buyer held sustained where demand for payment was made prior to time interest was claimed,

and seller's regular terms were 60 days, "with interest charged after maturity."

2.  Pleading—Defendant's Allegation, in Third Paragraph of Amended Answer and Counterclaim, that he Reiterated all Allegations of Amendment to Second Paragraph, and Adopted Same as Amendment to Third Paragraph, Held Sufficient to Incorporate such Amendment as Part of Third Paragraph by Reference (Civil Code of Practice, Section 113, Subsection 3).—Defendant's allegation, in third paragraph of amended answer and counterclaim that he reiterated all allegations of amendment to the second paragraph, and adopted same as amendment to third paragraph, held sufficient to incorporate such amendment as part of third paragraph by reference, and third paragraph was, therefore, not demurrable on that ground, in view of Civil Code of Practice, section 113, subsection 3.

3.  Appeal and Error—Where Evidence in Equitable Action did Not Warrant Submission to Jury of Common Law Issues Raised in Answer and Counterclaim, Overruling Motion to Transfer to Ordinary Docket, though Error, Held Not Prejudicial (Civil Code of Practice, Section 756).—Where defendant's answer and counterclaim in equitable action raised common law issues that were properly triable by jury, but evidence, which was fully developed on all issues tendered, did not warrant submission to jury, court's action in overruling motion to transfer to ordinary docket, though error, held not prejudicial, and therefore not reversible, in view of Civil Code of Pactice, section 756.

JOHN B. WALL and WILLIAM LEWIS for appellant.

STEPHENS & STEELY and M. A. GRAY for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS— Affirming.

J. C. Tracy, a resident of Corbin, Ky., during the year 1922, erected a large apartment building in the city of Corbin, and in the month of August placed an order with C. M. McClung & Company, a wholesale dealer of Knoxville, Tenn., to furnish the heating and plumbing materials to be used in its construction. It appears that the company estimated and fixed the price on the heating material and drew plans for its installation from the blue prints of the building and that Tracy's plumber made a list of plumbing material, Tracy signing and giving to the salesman a blank order for the material which was to be shipped as specifically ordered. The first specific order was dated the 19th of September. Various other orders were made from time to time during the intervening months running through December into January, and a

large amount of correspondence ensued in which he was requesting that shipments be expedited, the building being occupied about the first of May. Trouble arose over the adjustment of accounts and in April, 1924, McClung & Company sued at law for the balance due it. Later it filed an amended petition setting out a material lien which it had properly recorded and on motion the case was transferred to equity. Tracy filed an answer and counterclaim in three paragraphs, a demurrer being sustained to the first and third paragraphs, whereupon he filed an amendment to each paragraph. Demurrers were sustained to paragraphs one and three as amended and the third was dismissed, though the first was apparently treated as if the demurrer had been overruled. Evidence was taken on all questions during preparation of the pleadings, plaintiff having concluded and the defendant having taken the principal part of his evidence before the demurrer was sustained to paragraphs one and three of the answer as amended. Before submission, but after the completion of the evidence, defendant moved to transfer the action to the ordinary docket for a trial of the question of damages, and this was overruled. On final hearing the court rendered judgment in favor of the plaintiff for $2,909.09, the amount of its claim, including interest after maturity of bills; and allowed defendant $213.89 on his counterclaim, to be credited on the principal judgment. It also adjudged the enforcement of the material lien on the house and lot. The defendant excepted to all adverse rulings and appeals.

(1)    Plaintiff pleaded that the goods it furnished amounted to $4,683.52, upon which defendant had paid $1,939.85, leaving a balance of $2,743.73, and that the accrued interest to May 20, 1923, amounted to $29.80, making a total of $2,773.49, for which it prayed judgment, with interest from May 20, 1923. In its amended petition the interest was computed to April 4, 1924, aggregating $179.00, and leaving a total balance of $2,909.08, for which it asked judgment from April 4, 1924. Defendant admitted the accuracy of the charges and credits, but in effect denies the interest charge and the allowance of this is assigned as error. The evidence shows that plaintiff's regular terms are sixty days "with interest charged after maturity," and indicates that demand was made for payment prior to May 20, 1923, and it can hardly be said the judgment is not sustained by the pleadings, hence this point is not well taken. Henderson Cotton

Mfg. Co. v. Lowell Machine Shops, 86 Ky. 668;Magruder v. Ericson, 146 Ky. 89; Supreme Lodge of K. & H. v. Lapp, 25 Rep. 74; McKinney Dep. Bank v. Scott, 207 Ky. 340; Miller v. Winter, 206 Ky. 377; Royster v. Waller, 186 Ky. 476.

(2) In the second paragraph of the answer as amended the defendant alleged that at the time he gave plaintiff the contract, two-thirds of the construction work had been done on the building; that he informed the plaintiff's agent that it was to be completed by the first of December; that the apartments were to be occupied by tenants and that he was desirous of contracting with a firm that could furnish the material as he needed it, so as to assure its completion at the date mentioned; that the agent represented to him that the plaintiff had all of the material necessary in stock at its plant in Knoxville, which was sufficiently near for it to be furnished at once as ordered and that this was the moving consideration in the contract. Further allegations of that paragraph related to defective material and inconvenience caused workmen by delay in shipment of material, to which reference will later be made. In the third paragraph damages were sought for loss of rents between December 1st and May 1st, it being alleged that defendant could have completed the building on that date and have rented it continuously afterward at the rate of $550.00 per month, but for the delay in the delivery of this material.

The alleged contract was not set out in this paragraph, but the second paragraph was made a part of it by reference in these words; "The defendant here reiterates all the allegations of this statement to the second paragraph of this answer, set-off and counterclaim, and adopts same as an amendment to the third paragraph of the said answer, set-off and counterclaim as fully as if rewritten herein." A demurrer was sustained to this paragraph and defendant refusing to plead further it was dismissed, and this is relied upon as error.

There is some confusion in our practice as to whether a paragraph of a pleading may be incorporated in and made a part of another paragraph by reference; and our decisions on this question are not entirely harmonious. Sec. 113, subsection 3 of the Civil Code provides:

"If there be more than one cause of action or defense, each must be distinctly stated in a separate

numbered paragraph; and either, which is intended to respond to part only of an adverse pleading must show to what part it is responsible. . . . ''

This section is thus construed by Mr. Newman:

"Moreover, each paragraph or separate defense must be complete in itself without reference to others. It is true that defendant need not repeat in each paragraph the same allegations where the same facts are alike applicable to several causes of action or defenses, but having averred them in one paragraph or by way of introduction to all he may refer to them in such distinct and intelligible language as to include or incorporate them into each of the paragraphs or defenses. Each of the separate paragraphs must be a sufficient defense to the cause of action which it purports to answer and the averments of one paragraph or defense cannot, it would seem, on demurrer be brought in aid of the allegations in another without appropriate reference to such other averments." Newman on Pleading & Practice, sec. 426d.

No authority is cited in support of the text, but it is in line with Day v. Clark, 1 A. K. Marshall 521, though this was written before the code. This case is also cited as the basis of the text in 31 C. J., page 47, in which the rule is thus laid down:

"Facts which are alleged in other pleadings in the same cause may be made a part of the pleadings by expressly adopting them. Thus one defendant may adopt the answer of another defendant. An intervenor may adopt in his petition the allegations of the plaintiff's petition, and a defendant may adopt the allegations of plaintiff's petition in a supplemental cross bill. . . . ''

Consistent therewith we have said:

"Each paragraph must be a sufficient defense to the cause of action which it purports to answer and the averments of one paragraph or defense cannot be brought in aid of the allegations in another *without proper reference is made to such other averments.*" (Our italics.) Black v. Halloway, 19 Rep. 694.

On the contrary, in Daley v. O'Brien, 29 Rep. 811, two inconsistent paragraphs were pleaded in the petition. the court sustained a motion to elect and plaintiff elected to prosecute the cause of action set up in the second paragraph. Thereupon the court sustained a motion to strike these words from that paragraph, "and reiterating each and all the averments of the first paragraph of the petition," and later sustained a general demurrer to the cause of action set up on that pleading. In sustaining the judgment of the lower court this court said:

> "Nor can the plaintiff's complain of the ruling of court in sustaining the motion to strike from the second paragraph the words embraced in said motion, for it is a well-settled rule that while a pleading may contain as many distinct causes of action or defenses as the pleader may have, yet each paragraph must be complete in itself. The averments of one paragraph cannot be connected with or relied on in aid of another." Citing Black v. Halloway.

It will be observed that the words italicized *supra* in the Halloway case were not mentioned in the Daley opinion nor in the later one of L. & N. R. R. Co. v. Adams, 148 Ky. 513, in which it is said: "   .   .   .   But when a pleading properly contains as this one did more than one paragraph, each paragraph should be sufficient in itself, or in other words state a good cause of action, without reference to the other paragraph. Black v. Halloway and Daley v. O'Brien." But in that case it does not appear whether there was an attempt to adopt by reference, and it can hardly be regarded as authority on this question. The Daley case being the only one to which our attention has been called, that positively denies the propriety of adoption by reference. Perhaps the court in that opinion overlooked the words that we have italicized in the Halloway opinion, as otherwise it indicates an intention to follow rather than conflict with it. At any rate the general practice in courts of this state has been to sanction pleadings of this character, and while authority may be cited from other states to the contrary we think the reasonable and logical rule to be as stated by Mr. Newman. It follows that the court erred in sustaining the demurrer to the third paragraph of the answer as amended.

It may also be said that the defendant's answer and counterclaim raised common law issues that were prop-

erly triable by jury and the court erred in overruling his
motion to transfer to the ordinary docket for trial
thereof. Carter & Vallandingham v. Weisenberg, 95
Ky. 135; Hill v. Phillips, 87 Ky. 169; Bush, &c. v. E. K.
T. & T. Co., 28 Rep. 773; Winchester v. Watson, 169 Ky.
213.; Scott v. Kirtley, 166 Ky. 728. Rieger v. Schulte &
Eicher, 151 Ky. 129, is relied upon as laying down a dif-
ferent principle, but as interpreted in Scott v. Kirtley,
*supra,* it does not conflict with this view.

But though the court erred in the particular named,
as it appears that the evidence was fully developed on
all the issues tendered, most of it being taken before the
demurrer was sustained to the third paragraph of the
answer and all being taken before the motion was made
to transfer, we may examine this; and if it did not war-
rant a submission of the issues to the jury the defendant
was not prejudiced by the court's action and a reversal
cannot be granted therefor. Sec. 756, Civil Code.

In this respect defendant testifies that he made a
verbal contract with plaintiff's agent for the material
some time in August; that the agent knew the purpose of
the building which was then two-thirds constructed; that
he (defendant) was looking for a firm that could furnish
material at once, as the building was expected to be
finished and ready for occupancy December 1st; that he
so informed the salesman, who stated that plaintiff had
the material in stock and would furnish it at once as
ordered, and that this was a part of the consideration for
the contract; that if the material had been furnished
promptly as ordered the building would have been com-
pleted at that time, and that he had applicants for leases
and would have leased all of the apartments from that
date on, but its completion was delayed until May 1st,
and in this he is corroborated by his workmen.

But whatever may have been the representations of
the salesman or the verbal understanding in August, such
understanding does not seem to have existed on the 29th
of September when the negotiations were finally com-
pleted. It does not appear to have been mentioned in
the skeleton order signed by defendant, and it appears
that prior to September 19th, when defendant made his
first specific order, plaintiff had learned of a mortgage
on his property, and that this delayed negotiations until
September 29th, when it wrote plaintiff a letter accept-
ing his order on its regular terms and informing him that
part of the material had been ordered from Chattanooga

and would be shipped to him on arrival; that it had sent the heating plans in, and when it heard from the engineers would arrange to send him a list of the heating material necessary for his plans. This was the final acceptance of the order and indicates the understanding of the parties at *that* time, clearly showing that it was not carrying the material in stock. No special circumstances are alluded to evincing a purpose to complete the building at any particular time, or fixing any particular time for delivery of material, nor does any of the orders of defendant evince such purpose, although these continued from time to time, the bath tubs for the entire building not being ordered until January 2nd, 1923.

So that, omitting all the evidence of plaintiff except the conceded letter of September 29th finally accepting the contract, and considering the subsequent conduct of the parties, there is nothing in the transaction to distinguish it from ordinary sales of this character, in which the seller is required to deliver within a reasonable time, and it is not claimed that plaintiff failed to do this, hence defendant was not prejudiced by the court's ruling as to the third paragraph.

As to the second paragraph it may be said that the court allowed practically everything claimed by defendant aside from an item of $40.00 for repairing a boiler and $400.00 for removing and repairing radiators, and there was not sufficient proof on these items to have authorized a submission thereof to the jury, hence defendant was not prejudiced by the order overruling the motion for an issue out of chancery.

Wherefore, perceiving no error, the judgment is affirmed.